# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39939 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Paul J. GOLDMAN**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 7 August 2023

———————————

*Military Judge*: Charles G. Warren.

*Sentence*: Sentence adjudged 11 March 2020 by GCM convened at Barksdale Air Force Base, Louisiana. Sentence entered by military judge on 21 May 2020, and re-entered on 20 March 2022 and then on 9 September 2022: Bad-conduct discharge, confinement for 10 months, reduction to E-1, and a reprimand.

*For Appellant*: Major Jenna M. Arroyo, USAF.

*For Appellee*: Major John P. Patera, USAF; Captain Olivia B. Hoff, USAF; Captain Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, ANNEXSTAD, and GRUEN, *Appellate Military Judges*.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

PER CURIAM:

Appellant's case is before us for a third time. In accordance with Appellant's pleas and pursuant to a plea agreement, a general court-martial composed of

a military judge found Appellant guilty of two specifications of willfully diso-beying a superior commissioned officer, one specification of failure to obey a lawful general regulation, one specification of wrongful use of marijuana, three specifications of assault consummated by a battery, two specifications of assault consummated by a battery of a child, one specification of obstruction of justice, one specification of wrongful extramarital sexual conduct, one specification of child endangerment, and one specification of drunk and disorderly conduct, in violation of Articles 90, 92, 112a, 128, 131b, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 892, 912a, 928, 931b, and 934.[*]

Upon our initial review, Appellant raised three assignments of error: (1) whether the convening authority's failure to unambiguously dismiss certain charges and specifications with prejudice constituted noncompliance with a material term of the plea agreement; (2) whether Appellant was entitled to sentence relief because his record of trial is incomplete; and (3) whether Appellant was entitled to appropriate relief as the convening authority failed to take action on the sentence as required by law. *United States v. Goldman*, No. ACM 39939, 2022 CCA LEXIS 43, at *4 (A.F. Ct. Crim. App. 20 Jan. 2022) (unpub. op.). This court remanded the record to the Chief Trial Judge, Air Force Trial Judiciary, to address multiple errors with regard to the completeness of the record and the post-trial process. *Id*. at *17–18.

Appellant's record was re-docketed with this court on 4 April 2022 with a new convening authority decision on action and entry of judgment, among other corrections. On 19 July 2022, after receiving one enlargement of time, Appellant submitted the case to this court "on its merits with no specific assignments of error." However, this court noted that several errors in the entry of judgment identified in our prior opinion had not been corrected. On 30 August 2022, this court again remanded the record to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the entry of judgment. *United States v. Goldman*, No. ACM 39939 (f rev), 2022 CCA LEXIS 511 (A.F. Ct. Crim. App. 30 Aug. 2022) (order).

The record was again re-docketed with this court on 15 September 2022. After requesting and receiving four enlargements of time, on 13 April 2023 Appellant again submitted the case to the court on its merits without further assignment of error. We note the second corrected entry of judgment dated 9 September 2022 corrects the errors identified in our prior opinion and order.

---

[*] Unless otherwise noted, references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*). As Appellant's convicted offenses spanned from 1 December 2015 to 6 September 2019, references to the punitive articles of the UCMJ are to the 2019 *MCM, Manual for Courts-Martial, United States* (2016 ed.), and *Manual for Courts-Martial, United States* (2012 ed.).

The findings and sentence as entered are correct in law and fact, and we find no remaining error materially prejudicial to the substantial rights of Appellant. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court